Bennington,
January,
1826.

WILLARD BATES *vs.* ISAAC KIMBALL, *Adminis'r of Sam'l Barber.*

An administrator in this state, must either represent the estate on which he administers, *insolvent*,
or, be taken to have sufficient estate to satisfy all the creditors in money.

It is his duty to inventory and sell the real estate, when necessary, for the payment of debts; and a
judgment creditor cannot be compelled to levy on the land of the deceased, and take it on appraisal.

*Plene administravit*—under what circumstances it may be pleaded.

*SCIRE FACIAS*----reciting a former judgment against the administrator, the issuing of two executions against the goods, chattels and lands of the deceased, in the hands of the said administrator, and a return of *nulla bona* thereon---suggesting a *devastavit*, and citing the said Isaac Kimball to show cause, if, &c. why execution should not issue *against him.*

Plea—1st. *Plene administravit*, generally ; and traverse.

2d. That the said *Isaac Kimball*, on the day of said return of *nulla bona* upon said last mentioned execution, had fully administered all the *goods and chattels* which were of said Samuel Barber, at the time of his death; and that he the said Isaac, on the same day of the aforesaid return upon said execution, offered and tendered to said plaintiff and to said sheriff's deputy, at the appraisal of good and lawful freeholders, agreeable to the statute in such case made and provided, all the real estate which was of said Samuel Barber at the time of his death, in satisfaction of said execution, which the said plaintiff then and there refused to accept or receive upon said execution, and that the said real estate remained unsold, without the default of the said Isaac—all which he is ready to verify—wherefore, &c.

To this plea there was a demurrer, and joinder in demurrer. The case was submitted, without argument, on the briefs of counsel.

ROYCE J. As the tendency of the pleadings in this case, is to overturn the whole course of administration, as established by statute in this state, and restore the system of the common law, the plea cannot be supported, and the plaintiff must have judgment. In this state, the defence of *plene administravit*, as it is attempted here, and when the effect is to defeat a creditor of all satisfaction, unless he will take real estate at appraisal, which he cannot be compelled to do, is not admissible. The administrator must either represent the estate insolvent, (when the creditors are to be paid rateably, in proportion to the amount of assets) or be taken to have sufficient estate to satisfy all the creditors in money, as the intestate, if living, must have done. This supposed sufficiency of assets has relation to the time when the administrator fixes his plan of administration. and declines representing the estate insolvent, and would not prevent him from successfully defending against a suggestion of waste, and a *scire facias* thereupon, if he could show a loss or destruction of the assets without his fault ; but he cannot plead *plene administravit*, which supposes the assets all applied upon other claims, to the exclusion of the present creditor.

PRENTISS J. There is a vast difference between the system of settling estates here and in England.

Our statute makes it the *duty* of the administrator to inventory and to sell the real estate, when necessary, for the payment of debts. No such plea as *plene administravit* (without showing a dividend) is good here, except in one particular case; and that is, where the *privileged* debts have absorbed the whole estate.

Judgment, that the defendant's plea in bar is insufficient.

SKINNER, Ch. J. did not sit in this cause.

*Orsamus C. Merrill, David Robinson, jr.* and *Uel M. Robinson,* for the plaintiff.

*Hiland Hall* and *Samuel H. Blackmer,* for the defendant.